# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY LEE GASKINS, EDITH MAGLIORE<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE BANK, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP; Cynthia Santos, an individual; D.M. Unsworth, an individual and Official Notary Public; and Does 1-5, inclusive,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>OPINION<br><br>Civil Action No. 12-06682 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendant Countrywide Bank, FSB and Bank of America (collectively "BOA") to dismiss the Complaint filed by Plaintiffs Jerry Lee Gaskins and Edith Magliore ("Gaskins" or "Plaintiffs") for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6) and Defendant Mortgage Electronic Registration Systems Inc.'s ("MERS") motion to dismiss the Complaint filed by Plaintiffs for failure to state a claim for relief pursuant to FED. R. CIV. P. 12(b)(6). (BOA's Mot. To Dismiss, Jan. 25, 2013, ECF 9-2; MERS' Mot. to Dismiss, Jan. 25, 2013, ECF No. 8-1). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this

1

Court that Defendants BOA's and MERS' (collectively Defendants) motions to dismiss are **granted**.

## I. BACKGROUND

Plaintiffs are owners of real property located at 225 Hartshon Drive, Short Hills, New Jersey 07078-3225. (Complaint ¶ 3, Oct. 23, 2012, ECF No. 1). On August 27, 2007, Plaintiff Jerry Lee Gaskins obtained a $1,300,000 loan from Countrywide Bank FSB and executed a promissory note as evidence of the loan. (Id. at 17). Following Plaintiffs execution of the Note, it was indorsed as follows: from Countrywide FSB to Countrywide Home Loans, Inc.; then from Countrywide Home Loans, Inc. back to Countrywide FSB; then from Countrywide FSB in blank to any bearer. (Promissory Note 3, Jan. 25, 2013, ECF No. 8-5). On August 27, 2007, to secure repayment of the loan, Plaintiffs also executed a Mortgage to MERS, as nominee for Countrywide and its successors and assigns. On May 10, 2011, Plaintiff's Mortgage was assigned to BAC Home Loans Servicing LP. (Complaint ¶ 20).

On October 23, 2012, Plaintiffs commenced the present action. The Complaint seeks a declaratory judgment that: (i) Countrywide FSB is the holder of the Note and BAC is the owner of the Mortgage; (ii) the Mortgage is unenforceable; (iii) the Note is enforceable but unsecured. On January 25, 2013, Defendants MERS and BOA filed respective motions to dismiss the action.

## II. LEGAL STANDARD

Pursuant to a motion to dismiss brought under FED. R. CIV. P. 12(b)(1), a federal court is presumed to lack subject matter jurisdiction. Kokken v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff will have the burden of proving that jurisdiction exists. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

## III. DISCUSSION

## A. Subject Matter Jurisdiction

Pursuant to FED. R. CIV. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12. The basis under which Plaintiffs' Complaint alleges jurisdiction is the Declaratory Judgment Act.

The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, there must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987). The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination. Id. The Declaratory Judgment Act confers on federal courts substantial discretion in deciding whether to exercise declaratory judgment jurisdiction. Matthews Int'l Corp v. Biosafe Eng'g., LLC, 695 F. 3d 1322, 1328. (Fed. Cir. 2012).

Plaintiffs neither respond to nor contest BOA's 12(b)(1) motion. For the reasons detailed below, the Court finds that the Plaintiffs have failed to allege proper subject matter jurisdiction.

### 1. Independent Subject Matter Jurisdiction

The Plaintiffs complaint cannot survive BOA's 12(b)(1) motion because Plaintiffs have not established that subject matter jurisdiction exists. As stated previously, Plaintiffs hold the burden to prove subject matter jurisdiction. Mortensen, 549 F.2d at 891. Additionally, the Declaratory Judgment Act is not an independent basis for subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). Federal question jurisdiction under

§ 1331 must have an independent source. Simmons v. Nash, 361 F. Supp. 2d 452, 455 (D.N.J. 2005). Here, the Plaintiffs allege in their complaint "that this Court has subject matter jurisdiction over the claims in this case pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), 2202 and FED. R. CIV. P. 57, as the case solely involves a federally judicially created rule of law." (Complaint ¶ 11). Plaintiffs further make a blanket claim that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, "as a federally judicially created rule law forms an essential element, substantial ingredient and/or a potential ingredient of the original cause in this case." (Complaint ¶ 13). However, a claim under the Declaratory Judgment Act does not constitute a federal question that creates jurisdiction under § 1331. Additionally, Plaintiffs do not present a federal question simply by claiming that the complaint concerns a "federally judicially created rule of law" as they never state the federal law they are referring to. The Plaintiffs also have not establish diversity jurisdiction under § 1332. While the Complaint states that the parties have diverse citizenship, the Complaint does not claim that there is a matter in controversy exceeding $75,000 and, as described below, there is no actual controversy in this case. Therefore, because Plaintiffs do not present a federal question nor establish diversity jurisdiction, the Complaint cannot survive BOA's 12(b)(1) motion.

### 2. Controversy Requirement

Plaintiffs' Complaint fails to present an actual controversy. To base jurisdiction on the Declaratory Judgment Act, the plaintiff bears the burden of demonstrating that the facts alleged, under all circumstances, show that there is a substantial controversy between parties having adverse interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. MedImmune Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007). Here, the Plaintiffs' seek a determination of the rights of the parties to enforce the Note and Mortgage. However,

they do not allege why the Court should intervene at this stage of the parties' relationship. Plaintiffs do not allege that Defendants have filed a foreclosure action against them, or that an adverse legal proceeding requires the Court's intervention. Other than in generalized statements contained in the Complaint, Plaintiffs do not allege a substantial controversy of sufficient immediacy or that the parties have adverse interests. Therefore, the Court is unconvinced that Plaintiffs have met their burden. Pursuant to FED. R. CIV. P. 12(h)(3), the Court dismisses the Complaint in its entirety against Defendants BOA and MERS.

### B. 12(b)(6) Motion

Because Plaintiffs have not met their burden to show that the Court has subject jurisdiction over this matter, the Court does not need to consider the case on its merits. Therefore, the Court will not address Defendants' respective 12(b)(6) motions to dismiss.

### IV. CONCLUSION

For the reasons set forth above, Court dismisses the Complaint in its entirety against Defendants BOA and MERS.

DENNIS M. CAVANAUGH, U.S.D.J.

Date: August 21, 2013
cc: Hon. James B. Clark
     Counsel of Record
     File